UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CR225 HEA |
| ) | |
| GJAVIT NEDZAT THAQUI, ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, [Doc. No. 29], and the accompanying Memorandum, of United States Magistrate Judge Thomas C. Mummert, III, [Doc. No. 28], pursuant to 28 U.S.C. § 636(b), in which Judge Mummert recommends that Defendant's Motion to Suppress Evidence, [Doc. No. 25], be denied. Defendant has filed Objections to the Report and Recommendation.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility

determinations. *Id.* The court has reviewed the entire record, including listening to the audio recordings of the hearing held on April 30, 2007.

**<u>Discussion</u>**

Initially, Defendant objects to Judge Mummert's conclusions that the vehicle stop was justified by a traffic violation or by reasonable suspicion that any other offense had been committed. Defendant argues that factual inconsistencies, *i.e.*, that the officers radioed the stop to dispatch as an occupied vehicle stop rather than a traffic stop; the officers never wrote a police report regarding the stop; and that a traffic ticket regarding the violation was not written, indicate that the driver of the vehicle did not commit a traffic violation which would have justified the stop. However, the alleged "inconsistencies" are insufficient to overcome the clear and unequivocal testimony of Detective Stone that the detectives witnessed an improper lane change from lane two to lane three without a signal. Furthermore, Defendant's attempt to create factual "inconsistencies" is unavailing. As Detective Pratt testified, the code "27," occupied vehicle stop, rather than "25," traffic violation is merely his preference, and holds no significance with regard to the witnessed traffic violation. Likewise, the failure to issue a ticket or write a report on the stop is consistent with the detectives' duties of not being assigned to traffic, as explained by Detective Pratt. Defendant's supposition that the scenario is indicative of no

traffic violation is without merit.

When a police officer observes a traffic violation-however minor-he has probable cause to stop the vehicle. *Whren v. United States,* 517 U.S. 806 (1996); *United States v. Martin,* 411 F.3d 998, 1000 (8th Cir.2005). That the detectives may also have had other investigative purposes in effecting the stop does not undermine the legality of the stop, where as here, the police had probable cause to stop the vehicle for traffic violations. *United States v. Bloomfield,* 40 F.3d 910, 915 (8th Cir.1994) (en banc) ( "If the officer is legally authorized to stop the driver, any additional 'underlying intent or motivation' does not invalidate the stop." ) (quoting *United States v. Cummins,* 920 F .2d 498, 501 (8th Cir.1990); *accord United States v. Linkous,* 285 F.3d 716, 719 (8th Cir.2002); *United States v. Thomas,* 93 F.3d 479, 485 (8th Cir.1996) (traffic stop supported by probable cause was valid even if police would have ignored traffic violation but for suspicion that greater crimes were afoot). The stop of the vehicle, based on the unrefuted testimony that the detectives observed a failure to signal a lane change, was a valid stop. Defendant's objection, is therefore overruled.

Defendant also claims that Detective Stone exceeded his authority under *Terry v. Ohio*, 392 U.S. 1 (1968) by asking Defendant and/or the other occupants of the vehicle where they were staying in Las Vegas, why they were taking Interstate

44, as opposed to Interstate 70, to arrive in Las Vegas, and whether they were transporting any contraband. Defendant argues that the search was directly derived from the officer's improper questioning and was tainted by that questioning.

Once a valid traffic stop occurs, the investigating officer is only entitled to conduct an investigation reasonably related in scope to the circumstances that justified the initial stop. *Terry v. Ohio,* 392 U.S. 1 (1968). It is also clear that where an individual is detained after an initial lawful stop, the question is whether the detention was "reasonably related in scope to the circumstances which justified the interference in the first place." *United States v. Cummins,* 920 F.2d 498, 502 (8th Cir.1990). Law enforcement officers are entitled to stop and briefly detain an individual for investigative purposes if there is reasonable suspicion that criminal activity may be afoot. *United States v. Hill,* 91 F.3d 1064, 1069 (8th Cir.1996). Further, if a defendant is detained incident to a traffic stop, the officer does not need reasonable suspicion to continue the detention until the purpose of the traffic stop has been completed. *See United States v. Jones,* 269 F.3d 919, 924-25 (8th Cir.2001). The Eighth Circuit has clearly held that, even without reasonable suspicion, if an encounter after a traffic stop's completion is consensual, a law enforcement officer may ask questions unrelated to the traffic stop and request consent to search the vehicle. *United States v. Santos-Garcia,* 313 F.3d 1073, 1078

(8th Cir.2002).

The evidence adduced at the hearing establishes that the subsequent temporary detention to question the occupants of the vehicle was within legal parameters. After the initial valid traffic stop, Detective Stone asked where the occupants were going. This question clearly falls within acceptable questioning. After producing a driver's license and a membership card to the Patrolman's Benevolent Association in New York City, Detective Stone asked the driver why he produced the card. He also asked why they were taking Highway 44 rather than Highway 70 to get to Las Vegas. While the detectives were originally told the occupants were in a hurry to get to Las Vegas "to party," they responded to the route question by stating that they were going to the Grand Canyon to sightsee. Subsequent answers to initial questions gave rise to further inquiry. The Detectives were entitled to follow up their initial questions when the answers appeared to be inconsistent. Based on these responses, the detectives had reasonable suspicion to detain the occupants for further investigation. Police officers may briefly detain an individual for an investigative purpose when they have a reasonable belief that "criminal activity may be afoot." *Terry,* 392 U.S. at 30; *United States v. Bell,* 183 F.3d 746, 749 (8th Cir.1999). The level of proof necessary is "considerably less than proof of wrongdoing by a preponderance of the evidence." *United States v.*

*Sokolow,* 490 U.S. 1, 7 (1989). Reasonable belief requires suspicion based on " 'particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant[ ] suspicion that a crime [is] being committed.'" *United States v. Beck,* 140 F.3d 1129, 1136 (8th Cir.1998) (quoting *United States v. Martin,* 706 F.2d 263, 265 (8th Cir.1983)). In assessing the reasonableness of the suspicion, officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" *United States v. Arvizu,* 534 U.S. 266, 273 (2002) (quoting *United States v. Cortez,* 499 U.S. 411, 418 (1981)). Defendant argues that all of the facts upon which the detectives' reasonable suspicion was based are wholly innocent facts. However, the mere possibility of an innocent explanation does not preclude a finding of reasonable suspicion. In totality, the answers given and the manner in which they were given, at the time gave rise to reasonable suspicion for the detectives to continue their investigation.

When asked if they were carrying any illegal contraband, Defendant said, "If you want to search the vehicle go ahead. The quicker you search, the quicker we can go." Defendant clearly consented to the search. The consent included the hole near the rear driver's side wheel-well. None of the occupants objected at the time when Detective Pratt looked in the hole and saw something wrapped in cellophane

that did not look natural. Nor did the occupants voice any objection upon further inspection with the screwdriver. Based on the totality of the evidence, the Court finds that the officers had the legal right to search the vehicle, including the search of the hole.

Defendant also argues that the detectives' action were a purposeful and flagrant fishing expedition. "Courts have found purposeful and flagrant conduct where: (1) the impropriety of the official's misconduct was obvious or the official knew, at the time, that his conduct was likely unconstitutional but engaged in it nevertheless; and (2) the misconduct was investigatory in design and purpose and executed 'in the hope that something might turn up.' " *Simpson,* 439 F.3d at 496 (quoting *Brown v. Illinois,* 422 U.S. 590, 605, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975)). The Court finds no evidence in the record that the detectives engaged in misconduct, much less flagrant misconduct. The stop was not unreasonable and the consent to search was voluntarily given, even before any such requests were made to do so. Nothing in the record even remotely establishes that the detectives' conduct was obviously improper or flagrant. *See, U.S. v. Herrera-Gonzalez* 474 F.3d 1105, 1113 -1114 (8th Cir. 2007).

Having conducted a *de novo* review of the Motion and the record before the court, Defendant's objections are overruled. The Court, therefore will adopt Judge

Mummert's Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence, [Doc. No. 25], is denied.

Dated this 31st day of May, 2007.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE